UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATIENCE UKATTAH,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-05300-DAD-AC<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT</u><br><br>(Doc. Nos. 1, 2) |

On July 9, 2026, petitioner Patience Ukattah, by and through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging her detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Therein, petitioner alleges that she entered the United States on or about April 13, 2000 as a visitor, on January 10, 2005 an immigration judge ordered her removed from the United States but granted her withholding of removal to her home country of Nigeria because she demonstrated that it was more likely than not that she would suffer persecution there, and on July 7, 2026 petitioner was detained by ICE officers. (*Id.* at 10–11.) On July 9, 2026 petitioner also filed a motion for temporary restraining order. (Doc. No. 2.)

On the following day, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or

fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In addition, respondents were directed to state any opposition they had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*)

On July 13, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.) Respondents represent that petitioner will be removed to a third country, Ghana. (*Id.* at 1.) Respondents do not contest the court deciding the petition without further briefing or a hearing, and the court will do so.

Once a final order of removal has been entered, immigration detainees are subject to a 90-day mandatory detention period. *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). Title 8 U.S.C. § 1231 authorizes discretionary detention "beyond the removal period." 8 U.S.C. § 1231(a)(6). "In *Zadvydas,* the Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond 'a period reasonably necessary to secure removal,' and it further held that six months is a presumptively reasonable period[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 298–99 (2018) (internal citations omitted). "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

> "*Zadvydas* did not hold that the statute authorizes detention until it approaches constitutional limits; it held that, since interpreting the statute to authorize indefinite detention (one plausible reading) would approach constitutional limits, the statute should be read (in line with the other plausible reading) to authorize detention only for a period consistent with the purpose of effectuating removal." *Clark v. Martinez*, 543 U.S. 371, 384 (2005) (citing *Zadvydas*, 533 U.S. at 697-99); *see also Uzzhina v. Chestnut*, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787, *3 n. 3 (E.D. Cal. Dec. 2, 2025) ("The fact that a noncitizen has been held in-custody less than six months does not foreclose a claim that his or her detention is unlawful under *Zadvydas*."); *Trinh v. Homan*, 466 F.Supp.3d 1077, 1092 (C.D. Cal. 2020) (explaining that "[a]t no point did the *Zadvydas* Court preclude a noncitizen from challenging their detention before the end of the presumptively reasonable six-month period"); *Medina v. Noem*, 794 F. Supp. 3d 365, 375 (D. Md. 2025) (noting that "what *Zadvydas* did make clear was that it was adopting a presumption—not a conclusive

> bar to adjudication of whether continued detention is authorized that lifts only after six months have elapsed"); *Vijdani v. Mattos*, No. 2:25-cv-02496-GMN-EJY, 2026 WL 560209, at *3-4 (D. Nev. Feb. 27, 2026) (collecting cases concluding the same).

*Palmer-Sardinas v. Chestnut*, No. 1:26-cv-03520-DC-SCR, 2026 WL 2043395, at *3 (E.D. Cal. July 15, 2026).

Here, petitioner has "overcome the presumption of reasonableness under *Zadvydas*." *Id.* Immigration authorities have been unable to remove petitioner to Nigeria since 2005 because petitioner was granted withholding of removal. (Doc. No. 1 at 2). Respondents provide a declaration, which states that "[t]he government of Ghana has agreed to accept third country nationals[,]" and "[p]etitioner is being processed for removal to Ghana as a third country alternative, and ICE/ERO does not require travel documents to effectuate her removal to Ghana." (Doc. No. 6 at 12.) However, "[r]emoving individuals who have received withholding of removal to a third country is exceedingly rare." *Berhe v. Mullin*, No. 3:26-cv-2828-JES-VET, 2026 WL 1651459, at *4 (S.D. Cal. June 8, 2026). In addition, respondents "do not explain why they expect [Ghana] will accept Petitioner" in the absence of travel documents. *Castillo v. Chestnut*, No. 1:25-cv-01296-SAB-HC, 2026 WL 121652, at *13 (E.D. Cal. Jan. 16, 2026) ("Accordingly, the Court finds that Petitioner 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' given that there is nothing in the record before this Court other than an unexplained and unsupported declaration that Respondents expect Mexico will accept Petitioner, and Respondents have not responded with evidence sufficient to rebut Petitioner's showing.") (citation omitted).

Furthermore, petitioner's counsel represents that petitioner has stated that she "fear[s] persecution in Ghana on account of her nationality, religion, and particular social group

/////

/////

/////

/////

/////

(gender)." (Doc. No. 7 at 7.)[1] "[D]ue process requires [p]etitioner be provided an opportunity to have h[er] fear-based claims for removal to [Ghana] considered by an immigration judge." *A.A.M. v. Andrews*, 815 F. Supp. 3d 1124, 1138 (E.D. Cal. 2025).[2] The delay resulting from this required procedure further contributes to the court's finding that petitioner has shown there is no significant likelihood of petitioner's removal, to Ghana or elsewhere, in the reasonably foreseeable future. As has been recognized under similar circumstances:

> [T]he undersigned has already concluded that respondents should be precluded from removing petitioner to Equatorial Guinea at this juncture by failing to provide him with a meaningful opportunity to raise his fear based claims. Having so concluded, there must be additional proceedings in immigration court before respondents may lawfully remove petitioner to Equatorial Guinea or any other third country. This will undoubtedly further prolong petitioner's detention. *See Riveros Cadavid v. Dep't of Homeland Sec.*, No. 26-cv-01805-KK-DTB, 2026 WL 1105032, at *3 (C.D. Cal. Apr. 17, 2026) (recognizing that adjudicating fear based claims to third countries of removal "require additional, lengthy proceedings"). There is no timetable for such proceedings in immigration court because respondents have been following Third Country Guidance, rather than the binding precedent in this Circuit discussed above.
>
> Under these circumstances, petitioner's removal to Equatorial Guinea is not likely in the reasonably foreseeable future and his prolonged detention under such circumstances is unreasonable and no longer authorized by 8 U.S.C. § 1231(a)(6).

*Soliman v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-02465-DAD-SCR, 2026 WL 1623139, at *5 (E.D. Cal. June 5, 2026), *report and recommendation adopted,* No. 1:26-cv-02465-DAD-SCR (HC), 2026 WL 1862740 (E.D. Cal. June 29, 2026); *see also Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006) (finding that a petitioner's removal was not

/////

---

[1] Further, courts "across the country have recognized that . . . the government is intentionally removing individuals to countries where they will be imprisoned." *Nguyen v. Bondi*, No. 2:25-cv-02024-TL, 2025 WL 3534168, at *9 (W.D. Wash. Dec. 10, 2025). In another case, the government claimed "that they were assured by Ghana that it would not send [the p]laintiffs to countries where they would likely be tortured" and yet respondents "agree[d] that it appears Ghana is violating the assurances it provided to the United States[.]" *D.A. v. Noem*, 800 F. Supp. 3d 43, 46 (D.D.C. 2025).

[2] Respondents argue that petitioner is not entitled to relief because she is a member of the *D.V.D. v. DHS*, No. 25-cv-10676 (D. Mass.) class. (Doc. No. 6 at 7.) The court is persuaded by and adopts the reasoning in *A.A.M.*, 815 F. Supp. 3d at 1134–35 rejecting this argument.

reasonably foreseeable where the government was not entitled to remove the petitioner to their country of origin and had not identified a country to which the petitioner could be removed).

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Patience Ukattah, A-File No. unknown, from respondents' custody on reasonable terms of supervision pursuant to 8 U.S.C. § 1231(a)(3);

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

   c. The court enjoins respondents and their officers, agents, servants, employees, and persons acting on their behalf in concert or in participation with them, from removing petitioner to Ghana without first allowing her a meaningful opportunity to be heard on her fear based claim before an immigration judge in compliance with due process;

   d. Respondents and their officers, agents, servants, employees, and persons acting on their behalf in concert or in participation with them, are enjoined from removing or deporting petitioner to a third country, including Ghana, absent respondents' provision of the due process protections identified in this order;

   e. If respondents or their officers, agents, servants, employees, or persons acting on their behalf in concert or in participation with them intend to remove petitioner to a third country and have completed the procedures required by due process in good faith, they are directed to file a notice of compliance within three (3) days of providing those due process protections and prior to petitioner's removal;

/////

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting habeas relief on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 20, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE